**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Christopher McDANIELS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2001.
Filed Oct. 18, 2001.

---

Christopher J. Evarts, Philadelphia, for appellant.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Com.

Before: DEL SOLE, President Judge, JOYCE and BECK, JJ.

DEL SOLE, President Judge:

¶ 1 Appellant Christopher McDaniels was convicted, following a bench trial, of robbery, carjacking, possessing an instrument of crime and criminal conspiracy.[1] He was sentenced to concurrent four-year prison terms on the robbery and conspiracy convictions. This direct appeal followed.

 ¶ 2 Appointed appellate counsel, Christopher J. Evarts, petitions to withdraw from his representation of Appellant. Before we will grant an attorney's petition to withdraw from a direct criminal appeal, the attorney must fulfill certain obligations as set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). These requirements are as follows: (1) counsel must petition the court for leave to with-

draw stating, that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) counsel must file a brief referring to anything in the record that might arguably support the appeal, but which does not resemble a no-merit letter or *amicus curiae* brief; and (3) counsel must furnish a copy of the brief to defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. Miller*, 715 A.2d 1203, 1207–8 (Pa.Super.1998). This Court must then make a full examination of the proceedings and make an independent judgment of whether the appeal is in fact wholly frivolous. *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; *McClendon*, 495 Pa. 467, 434 A.2d 1185. The purpose of these requirements is to afford the appellant "as nearly as is practicable" the constitutional right to counsel, while not compelling the attorney to argue as an advocate for a case he believes to be wholly frivolous. *Miller*, 715 A.2d 1203, 1208. Counsel has wholly failed to fulfill his obligations both to his client and to this Court.

 ¶ 3 Initially we note that counsel failed to serve his petition to withdraw and *Anders* brief on Appellant. This Court entered an order on March 28, 2001, directing counsel to serve the petition and brief on Appellant and to advise Appellant of his rights under *Anders*, *McClendon*, and *Commonwealth v. Smith*, 700 A.2d 1301 (Pa.Super.1997). Counsel then sent a copy of his brief to Appellant but merely stated:

I have found no issues of appeal in your case.[ ] If you would like to appeal, [ ]please write to the following address,
 Office Of the Prothonotary
 530 Walnut Street

---

1. 18 Pa.C.S.A. §§ 3701(a)(ii), 3702, 907, 903.

Third Floor,[ ]Suite 315

Philadelphia, [ ]Pa. [ ] 19106

This notice does not advise Appellant of his right to retain new counsel or to raise *pro se* any issue he deems worthy of the court's attention.

¶ 4 Turning to counsel's purported *Anders* brief, the entire Argument section reads as follows:

> Counsel has reviewed the entire record and transcripts of this case.
>
> Based upon the foregoing search of the record and legal authorities, counsel cannot find any claims for relief. Counsel has reviewed underlying authorities on then [*sic*] procedures to follow in filing an appellate brief under the circumstances. See, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 LEd.2d 493 (1964), *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).Based on the foregoing cases, counsel will summarize the claim made by appellant.
>
> *Robert Holton* was found guilty of *Simple assault and Terrorists threats.* It is counsel's opinion that he would not prevail on appeal.
>
> Counsel has based this on the trial record and relevant caselaw.

*Anders* Brief at 9 (emphasis added). This brief wholly fails to satisfy counsel's *Anders/McClendon* obligation.

■ ¶ 5 First, Attorney Evarts misstates the relevant standard for an attorney to withdraw from representation of a client in a direct criminal appeal. This Court is not concerned with Attorney Evarts' prediction that Appellant "would

not prevail on appeal." *Id.* Rather, we are concerned with whether, after a conscientious examination of the record and controlling law, Attorney Evarts finds the case to be "wholly frivolous." *McClendon,* 434 A.2d at 1186.

¶ 6 Second, the obscene brevity of the argument drafted by Attorney Evarts does not make it neutral in tone nor does Attorney Evarts flag any issues or refer to anything that might arguably support an appeal as required by *Anders* and *McClendon.*[2]

¶ 7 Most disturbing, however, is the fact that Attorney Evarts incorrectly refers to Appellant as Robert Holton and to the crimes as simple assault and "terrorists" threats. Appellant's name is Christopher McDaniels and he was convicted of robbery, carjacking, possessing an instrument of crime and conspiracy. Such carelessness falls well below the level of thoroughness and preparation required for competent representation by Rule of Professional Conduct 1.1.[3]

¶ 8 It is obvious to this Court that Attorney Evarts is either unwilling or unable to competently represent Appellant. We therefore remand this case and direct the trial court to revoke Attorney Evarts' appointment and withhold any fees which would normally be paid for this appeal and to appoint competent counsel to represent Appellant on appeal. If Attorney Evarts has received any fees for this appeal, he is directed to reimburse the county forthwith the amount of said fees. Once new counsel has been appointed, the record should

---

2. Our cursory review of the record reveals at least two issues which might arguably support an appeal: whether jurisdiction was proper in Philadelphia County and whether the sentencing court recognized and properly applied the Sentencing Guidelines.

3. "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation necessary for the representation."

be returned to this Court and the Prothonotary shall set a new briefing schedule.

¶ 9 Petition to withdraw denied. Case remanded with directions. Panel jurisdiction retained.