J-S22010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL ROMAN | |
| Appellant | No. 839 WDA 2014 |

Appeal from the Judgment of Sentence April 17, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000029-2014
CP-25-CR-0001311-2013
CP-25-CR-0001314-2013
CP-25-CR-0001317-2013
CP-25-CR-0001319-2014
CP-25-CR-0002074-2013
CP-25-CR-0002115-2013

BEFORE: PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED MAY 22, 2015**

Appellant, Michael Roman, appeals from the judgment of sentence entered April 17, 2014, in the Court of Common Pleas of Erie County. We are constrained to remand for the appointment of new counsel, with instructions.

We note that although counsel herein, Jason A. Checque, Esquire, seeks to withdraw from this appeal on the basis of frivolity, he has failed to file a petition to withdraw as counsel, thus rendering his attempt to proceed

_____

[*] Retired Senior Judge assigned to the Superior Court.

under ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their progeny deficient. By *per curiam* Order entered December 18, 2014, this Court directed counsel to file a petition to withdraw as counsel as follows:

> AND NOW, upon review of the Brief for Appellant, filed on September 8, 2014, by Jason A. Checque, Esquire, it would appear that by inclusion within the Argument section of the brief of a "Part B -- Santiago Argument", at pages 11-12, in which counsel argues the sole issue raised is non-frivolous, counsel for appellant has attempted to file an ***Anders*** brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). However, counsel has failed to file a contemporaneous petition to withdraw as counsel as required. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007)(*en banc*; "When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."); ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super.2007)("Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous."). Nor has counsel filed the required notice letter addressed to the appellant explaining appellant's rights under ***Anders*** and enclosing copies of the ***Anders*** brief and petition to withdraw as counsel. The notice letter is used by counsel to advise the appellant of the rights associated with the ***Anders*** process to this Court. ***See Commonwealth v. Woods***, 939 A.2d 896, 900 (Pa.Super. 2007)(citing ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa.Super. 2005)). Accordingly, within fourteen (14) days of the date of this Order, counsel is directed to comply with the dictates of the ***Anders*** requirements and file a petition to withdraw as counsel with this Court, with an accompanying notice letter to appellant-Roman enclosing a copy of both the petition to withdraw as counsel and ***Anders*** brief, and explaining to appellant-Roman his rights in compliance the dictates of ***Anders*** and ***Woods***.

*Per Curiam* Order, 12/18/14.

As of the date of this writing, Attorney Checque has not responded to this Court's Order of December 18, nor filed a petition to withdraw with this Court. Such inaction is simply unacceptable and we admonish Attorney Checque's quiescence. His unprofessional conduct has needlessly delayed the resolution of this appeal.

Since we may not address the merits of the issues raised on appeal without first reviewing the request to withdraw, *see Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005), we cannot decide this case on the merits until an appropriate *Anders* brief is filed.

Accordingly, we direct the trial court "to revoke [counsel's] appointment and withhold any fees which would normally be paid for this appeal and to appoint competent counsel to represent Appellant on appeal." *Commonwealth v. McDaniels*, 785 A.2d 120, 122 (Pa. Super. 2001). "If [counsel] has received any fees for this appeal, he is directed to reimburse the county forthwith the amount of said fees." *Id*.

Once the trial court appoints new counsel, we direct our Prothonotary to set a new briefing schedule. New counsel is directed to review the record and file either an advocate's brief or a petition to withdraw as counsel and accompanying *Anders* brief setting forth case law and citations to the sentencing record indicating that the issues are wholly frivolous.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.