J-S49039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLEO JOSEPH METTS, | |
| Appellant | No. 3048 EDA 2015 |

Appeal from the Judgment of Sentence September 4, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008095-2013

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED OCTOBER 12, 2016**

Appellant, Cleo Joseph Metts, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County on September 4, 2015, following the imposition of sentence upon the revocation of parole. We are constrained to remand for the appointment of new counsel, with instructions.

On appeal, court-appointed counsel, J. Anthony Foltz, Esquire, though not filing a petition to withdraw, filed what purported to be an ***Anders***[1] brief. In an unpublished memorandum filed on June 20, 2016, this Court held, in relevant part, the following:

---

[1] ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967).

*Former Justice specially assigned to the Superior Court.

Instantly, we conclude court-appointed counsel's representation falls short of that of an active advocate. Moreover, he has not complied with the technical requirements related to the withdrawal of his representation. For instance, he has not made any attempt to fulfill the first requirement pertaining to petitioning the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous. [*Commonwealth v.*] *Martuscelli*, 54 A.3d [940,] 947 [(Pa.Super. 2012)].

Moreover, as to the second requirement, with regard to his purported *Anders* brief, we note that, although counsel has provided a summary of the procedural history of this case, he has not included a single citation to the record. [*Commonwealth v.*] *Santiago*, 602 Pa. [159,] 178, 978 A.2d [349,] 361 [(2009)]. It is further noteworthy that counsel indicates no transcripts exist, and accordingly, he filed a Pa.R.A.P. 1923 "Statement in Absence of Transcript." However, this Court has not been provided with a copy of this Statement.

Finally, as to the third requirement, there is no indication that counsel provided a copy of the *Anders*-styled brief to Appellant or advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. [*Commonwealth v.*] *Daniels*, 999 A.2d [590,] 594 [(Pa.Super. 2010)].

Due to the deficiencies set forth *supra*, we remand this case and direct counsel to file, within 30 days of the date of this memorandum, either an advocate's brief or a proper petition to withdraw his representation, along with a proper *Anders/Santiago* brief. The Commonwealth shall have 30 days from the date that counsel files his brief in order to file a responsive brief, if necessary.

*Commonwealth v. Metts*, 3048 EDA 2015, at 4-5 (Pa.Super. filed 6/20/16) (unpublished memorandum).

To date, despite the foregoing, Attorney Foltz has not responded to this Court's memorandum of June 20, 2016. Specifically, Attorney Foltz has

- 2 -

filed neither an advocate's brief nor a proper petition to withdraw his representation, along with a proper **Anders/Santiago** brief. Such inaction is unacceptable, and we admonish Attorney Foltz's quiescence. His failure has needlessly delayed the resolution of this appeal. "It is obvious to this Court that [he] is either unwilling or unable to competently represent Appellant." **Commonwealth v. McDaniels**, 785 A.2d 120, 122 (Pa.Super. 2001). Accordingly, we direct the trial court "to revoke [counsel's] appointment and withhold any fees which would normally be paid for this appeal and to appoint competent counsel to represent Appellant on appeal." **Id.** Such appointment shall occur within twenty days of the filing of this Judgment Order.

After the trial court appoints new counsel, we direct our Prothonotary to set a new briefing schedule.[2] New counsel is directed to review the record and file either an advocate's brief or a petition to withdraw as counsel with an accompanying proper **Anders/Santiago** brief. The Commonwealth then shall be permitted to file a responsive brief in accordance with the briefing schedule.

Case remanded with instructions. Panel jurisdiction retained.

---

[2] We further direct the Prothonotary of this Court to furnish a certified copy of this Judgment Order to the Disciplinary Board of the Supreme Court of Pennsylvania, for such further proceedings as may be appropriate.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016